UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDNEY SCOTT HUBBARD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHLAND CORPORATION, et al.,<br><br>　　　　　　Defendants. | No.  2:13-cv-1217-EFB P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS[1] |

　　　　Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He requests leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  His application makes the showing required by 28 U.S.C. §§ 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in §§ 1915(b)(1) and (2).

　　　　Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

---

[1] Plaintiff did not respond to the court's order directing him to complete and return the form indicating either his consent to jurisdiction of the magistrate judge or request for reassignment to a district judge.  Accordingly, the clerk will be directed to randomly assign this case to a district judge.

1

1  relief may be granted," or "seeks monetary relief from a defendant who is immune from such
2  relief." *Id.* § 1915A(b).  When considering whether a complaint states a claim upon which relief
3  can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197,
4  2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v.*
5  *Rhodes*, 416 U.S. 232, 236 (1974).  To state a claim under § 1983, a plaintiff must allege: (1) the
6  violation of a federal constitutional or statutory right; and (2) that the violation was committed by
7  a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v.*
8  *Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

9      The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it does not
10 state a cognizable claim.  Plaintiff alleges that he is confined to state prison as a result of his
11 conviction for attempted robbery of a 7-Eleven convenience store.  He sues Southland
12 Corporation, the alleged owner of the convenience store, and Linda Hendricks, the alleged
13 manager of the convenience store.  Plaintiff claims the defendants violated his constitutional
14 rights and various state tort laws by preventing his access to video recordings from the store.

15     Plaintiff's allegations against Southland Corporation and Hendricks do not state a
16 cognizable claim for relief under 42 U.S.C. § 1983 because private individuals and entities do not
17 act under color of state law.  *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.
18 1996); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not
19 applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged
20 to be "a willful participant in joint action with the State or its agents.") (citation and quotation
21 marks omitted).

22     Plaintiff's remaining claims are brought under state law, and absent a viable federal claim
23 there is no basis for supplemental jurisdiction to entertain those state law claims.  Accordingly,
24 plaintiff's complaint must be dismissed.  Further, it is clear that these legal impediments to
25 plaintiff's claims in this court cannot be cure by an amended complaint.  *See Gardner v. Martino*,
26 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011)
27 ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear
28 that the deficiencies of the complaint could not be cured by amendment." (internal quotation

marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend for failure to state a claim and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 28, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE